2010V01170
LSH/gr



PAUL J. FISHMAN
United States Attorney
By: LAKSHMI SRINIVASAN HERMAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2700
Fax: 973.645.3316
Lakshmi.Herman@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Hon. Faith S. Hochberg |
| Plaintiff, | : Civil Action No. 10-3468 (FSH) |
| vs. | : |
| $15,000.00 IN UNITED STATES CURRENCY, | : DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |
| | : |
| Defendant *in rem*. | : |

WHEREAS, on July 8, 2010, a Verified Complaint for Forfeiture *In Rem* was filed in the United States District Court for the District of New Jersey against $15,000.00 in United States currency (the "Defendant Property") pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States "all moneys . . . [and] other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation" of 21 U.S.C. § 801 *et. seq.*; and

WHEREAS, pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court on July 9, 2010, the United States Marshals Service seized the Defendant Property; and

WHEREAS, on July 29, 2010, the United States sent a copy of the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and Notice of Forfeiture by certified mail, return

receipt requested to Michael G. Brucki, Esq., 425 North Wood Avenue, Linden, New Jersey 07036, counsel for claimant Michael Roman ("Claimant Roman") (*See* Declaration of Lakshmi Srinivasan Herman with Exhibits, Exhibit A, hereinafter "Herman Decl."); and

WHEREAS, on August 2, 2010, a copy of the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by Michael G. Brucki, Esq., 425 North Wood Avenue, Linden, New Jersey 07036, counsel for Claimant Roman *(Id.)*; and

WHEREAS, on August 30, 2010, Claimant Roman, through his attorney, filed an Answer to the Verified Complaint for Forfeiture *In Rem*; and

WHEREAS, on May 12, 2011, Claimant Roman, through his attorney, filed a Withdrawal of Answer and Claim; and

WHEREAS, the Notice of Civil Forfeiture was posted on an official government Internet website (http://forfeiture.gov.) for at least 30 consecutive days beginning on June 3, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (*See* Herman Decl., Exhibit B); and

WHEREAS, in order to avoid forfeiture of the Defendant Property, any other person claiming an interest in, or right against, the Defendant Property must file a Claim under penalty of perjury identifying the specific property claimed, identifying the claimant and stating the claimant's interest in the property in the manner set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A), except that in no event may such Claim be filed later than 60 days after the first day of publication on the above-referenced official government Internet website. In

addition, any person having filed such a Claim must also file an answer to the complaint not later than 20 days after the filing of the Claim; and

WHEREAS, no Claim has been filed by any other person within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims or Federal Rules of Civil Procedure for the Defendant Property in this matter; that is, no Claim was filed by August 2, 2011.

NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED

1. THAT a Default Judgment and Final Order of Forfeiture is granted against the Defendant Property, and no right, title or interest in the Defendant Property shall exist in any other party; and

2. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the disposition of the forfeited property, shall be deposited forthwith by the United States Marshals Service into the Department of Justice Asset Forfeiture Fund, in accordance with the law.

ORDERED this 26th day of SEPTEMBER, 2011

_____
HONORABLE FAITH S. HOCHBERG
United States District Judge